UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARTHA IVERS ROMERO-MEJIA,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>DAVID KIRK IVERS,<br><br>　　　　　　　　Respondent. | NO: 13-CV-0134-TOR<br><br>TEMPORARY RESTRAINING ORDER<br><br>and<br><br>ORDER TO SHOW CAUSE |

　　　　BEFORE THE COURT is Petitioner's *ex parte* Motion for Immediate Order Prohibiting Removal of the Children from the Court's Jurisdiction and Order to Show Cause (ECF No. 4). Also before the Court is Petitioner's Motion for Leave for Student Interns to Appear on her behalf (ECF No. 3). Petitioner is represented by Gail A. Hammer, an attorney with University Legal Assistance. The Court has considered the motions and pleadings on file as well as the *ex parte* oral argument on April 8, 2013.

TEMPORARY RESTRAINING ORDER and ORDER TO SHOW CAUSE ~ 1

## BACKGROUND

Petitioner Martha Ivers Romero-Mejia ("Ms. Romero-Mejia") seeks the return of her two minor children, CTIR and DSIR, to their home country of Mexico under the Convention on the Civil Aspects of International Child Abduction ("the Convention"). Ms. Romero-Mejia alleges that the children were taken from Mexico without her permission by their father, Respondent David Kirk Ivers ("Mr. Ivers"), and are currently living with him in Spokane. In the instant motion, Ms. Mejia-Romero requests an order temporarily restraining Mr. Ivers from removing the children from this Court's jurisdiction pending a full hearing on the merits of the Petition. Fearing that Mr. Ivers may abscond with the children to Canada if given advance notice of the instant proceedings, Ms. Romero-Mejia requests that the restraining order be issued *ex parte* under Federal Rule of Civil Procedure 65(b).

## FACTS

The following facts are drawn from the Petition filed on April 3, 2013 (ECF No. 2), and are accepted as true for purposes of this motion. *Mayo v. U.S. Gov't Printing Office*, 839 F. Supp. 697, 698 n. 1 (N.D. Cal. 1992). Ms. Romero-Mejia is a citizen of Mexico. Her husband, Mr. Ivers, is a citizen of the United States. Mr. Ivers and Ms. Romero-Mejia were married on December 31, 2003 in Tijuana, Baja California, Mexico. The couple have two children, CTIR and DSIR, who

TEMPORARY RESTRAINING ORDER and ORDER TO SHOW CAUSE ~ 2

1   were born in 2006 and 2008, respectively.  CTIR and DSIR resided with their
2   parents in Mexico until the events at issue in this case.
3       On September 14, 2012, Mr. Ivers told Ms. Romero-Mejia that he planned to
4   take CTIR and DSIR on a day trip across the border to the San Diego Zoo.  Ms.
5   Romero-Mejia went to work for the day with the understanding that Mr. Ivers and
6   the children would return home around 10:00 p.m.  Upon returning from work, Ms.
7   Romero-Mejia discovered that the children's clothing and several other household
8   items were missing.  Concerned that their house had been robbed, Ms. Romero-
9   Mejia immediately called her husband on his cellular phone.  During this
10  conversation, Mr. Ivers informed Ms. Romero-Mejia that their marriage was
11  beyond repair and that he was taking CTIR and DSIR to live permanently with him
12  in Spokane, Washington.  Ms. Romero-Mejia begged her husband to return with
13  the children to Mexico, but to no avail.

## DISCUSSION

**A. The Hague Convention**

The Hague Convention on the Civil Aspects of International Child Abduction ("Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601, *et seq*., mandates that "a child abducted in violation of 'rights of custody' must be returned to the child's country

of habitual residence, unless certain exceptions apply." *Abbott v. Abbott*, --- U.S. ---, 130 S. Ct. 1983, 1987 (2010).  As the Supreme Court explained in *Abbott*,

> The Convention's central operating feature is the return remedy. When a child under the age of 16 has been wrongfully removed or retained, the country to which the child has been brought must "order the return of the child forthwith," unless certain exceptions apply. A removal is "wrongful" where the child was removed in violation of "rights of custody." The Convention defines "rights of custody" to "include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence." A return remedy does not alter the pre-abduction allocation of custody rights but leaves custodial decisions to the courts of the country of habitual residence.

*Id.* at 1989 (citations omitted).

A petitioner seeking the return of a child under ICARA must prove by a preponderance of the evidence that the child "was wrongfully removed or retained" within the meaning of the Convention.  42 U.S.C. § 11603(e)(1)(A).  A "wrongful removal or retention" involves a breach of the non-removing parent's "rights of custody," Convention, Art. 3(a), which include the rights to care for the child and determine his or her place of residence, Convention, Art. 5(a).  The right at issue must (1) arise under "the law of the state in which the child was habitually resident immediately before the removal and retention," Convention Art. 3(a); (2) have been "actually exercised" at the time of the removal or retention, Convention, Art. 3(b); and (3) relate to a child under the age of sixteen, Convention, Art. 4.  Once

the foregoing has been proven, the Court must "order the return of the child forthwith." Convention, Art. 12.

### B. Temporary Restraining Order

The issuance of an *ex parte* temporary restraining order ("TRO") is governed by Federal Rule of Civil Procedure 65(b). Under Rule 65(b), a party seeking a TRO must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) an advancement of the public interest. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) (citation omitted). When these elements are satisfied, a court may temporarily enjoin the opposing party from engaging in a specific action pending a hearing to determine whether the restrictions should continue in the form of a preliminary injunction.

Here, the Court finds that the issuance of a TRO is appropriate. Ms. Romero-Mejia has established a sufficiently high likelihood of success on the merits by alleging that her two children, over whom she has "rights of custody" under the laws of Mexico, were removed to the United States without her permission. Ms. Romero-Mejia has further established to the Court's satisfaction that her children (1) are less than sixteen years old; (2) were residing with her in Mexico immediately prior to their removal; and (3) are currently residing with Mr.

TEMPORARY RESTRAINING ORDER and ORDER TO SHOW CAUSE ~ 5

Ivers in Spokane. Accordingly, Ms. Romero-Mejia appears to be entitled to the requested relief under the Convention.

There is also a sufficient likelihood of irreparable injury if the requested relief is not granted. According to the Petition, Mr. Ivers has family in Canada and may take the children there if not enjoined from doing so. Given that Mr. Ivers has already absconded with the children on one occasion, there is reason to believe that he may do so again upon learning of Ms. Romero-Mejia's efforts to secure their return to Mexico. If this occurs, Ms. Romero-Mejia would be forced to restart the removal application process anew, thereby jeopardizing her ability to obtain timely relief under the Convention. *See* Convention, Art. 12 (imposing a one-year statute of limitations from the date of wrongful removal or retention). The Court finds that injunctive relief is necessary to prevent this potential injury from occurring. For the same reasons, the Court finds that issuance of this Order without notice to Mr. Ivers is appropriate. Fed. R. Civ. P. 65(b)(2).

A balancing of the hardships also weighs in Ms. Romero-Mejia's favor. Prohibiting Mr. Ivers from removing CTIR and DSIR from the Eastern District of Washington without this Court's approval—at least until he can be heard on the matter—is not a burdensome condition. Indeed, given that Mr. Ivers and the children currently reside in Spokane, there is no reason to believe that they will be burdened at all. Conversely, the hardship that Ms. Romero-Mejia would face if the

TEMPORARY RESTRAINING ORDER and ORDER TO SHOW CAUSE ~ 6

1  requested relief were not granted is substantial.  As discussed above, Ms. Romero-
2  Mejia's ability to obtain effective relief under the Convention would be severely
3  undermined if Mr. Ivers absconds with the children for a second time.

4       Finally, the Court finds that an order barring Mr. Ivers from removing the
5  children from this jurisdiction would advance the public interest.  In implementing
6  the Convention, the United States Congress found, *inter alia*, that "the
7  international abduction . . . of children is harmful to their well-being" and that
8  persons who engage in such conduct "should not be permitted to obtain custody of
9  children by virtue of their wrongful removal or retention." 42 U.S.C. §
10 11601(a)(1), (2).  Granting the requested relief would prohibit Mr. Ivers from
11 further profiting from his alleged abduction of CTIR and DSIR.  Accordingly, the
12 Court concludes that Ms. Romero-Mejia is entitled to an order temporarily
13 restraining Mr. Ivers from removing CTIR and DSIR from this Court's jurisdiction
14 subject to the terms set forth below.

15 **IT IS HEREBY ORDERED:**

16    1. Petitioner's Motion for Leave for Student Interns to Appear on her behalf
17       (ECF No. 3) is **GRANTED**.

18    2. Petitioner's Motion for Immediate Order Prohibiting Removal of the
19       Children from the Court's Jurisdiction and Order to Show Cause (ECF No.
20       4) is **GRANTED**.

| | |
|---|---|
| 1 | 3. <u>Respondent, David Kirk Ivers, is prohibited from directly or indirectly</u> |
| 2 | <u>removing the children, CTIR, born in 2006, and DSIR, born in 2008, from</u> |
| 3 | <u>the Eastern District of Washington, until further order of the Court.</u>  This |
| 4 | restriction shall automatically expire at midnight on April 22, 2013, unless |
| 5 | specifically extended by further order of the Court. |
| 6 | 4. Upon a finding that there is no reasonable likelihood of harm to Respondent |
| 7 | from being wrongfully enjoined, *see Jorgensen v. Cassiday*, 320 F.3d 906, |
| 8 | 919 (9th Cir. 2003), Petitioner shall not be required to give security under |
| 9 | Rule 65(c). |
| 10 | 5. Respondent, David Kirk Ivers, is **ORDERED** to appear before this Court on |
| 11 | **Wednesday, April 17, 2013, at 1:30 p.m.** to show cause, if any he has, why |
| 12 | he should not be prohibited from removing the children from this Court's |
| 13 | jurisdiction until this proceeding is concluded.  Respondent is further |
| 14 | **ORDERED** to show cause why the relief requested in the Verified Petition |
| 15 | for Return of Children (ECF No. 7) should not be granted. |
| 16 | // |
| 17 | // |
| 18 | // |
| 19 | // |
| 20 | // |

TEMPORARY RESTRAINING ORDER and ORDER TO SHOW CAUSE ~ 8

6. A Copy of this Order, along with a copy of the Verified Petition for Return of Children (ECF No. 7), shall be promptly served upon Respondent. Proof of service shall be filed thereafter.

The District Court Executive is directed to enter this Order and forward a copy to Petitioner.

**DATED** April 8, 2013 at 4:00 p.m.



THOMAS O. RICE
United States District Judge

TEMPORARY RESTRAINING ORDER and ORDER TO SHOW CAUSE ~ 9